C. O. RUSSELL, Appellant, v. L. C. Mason, Respondent.

(172 N. W. 814.)

**Appeal and error.**

By prosecuting petty suits and appeals the counsel make little of themselves and the courts.

Opinion filed April 25, 1919.

Appeal from the District Court of Ramsey County, Honorable C. W. Buttz, Judge.

Affirmed.

*Cuthbert & Smythe,* for appellant.

. The rule is to allow amendments; to refuse is the exception. Kelroy v. R. Co. 1 S. D. 80, 45 N. W. 204; Nashua Sav. Bank v. Lovejoy, 1 N. D. 211, 46 N. W. 411; Anderson v. Bank, 5 N. D. 80, 64 N. W. 114; Bigelow v. Draper, 6 N. D. 152, 69 N. W. 570; Haggarty v. Strong, 10 S. D. 585, 74 N. W. 1037; Chaffee v. Runkle, R. & Co. 11 S. D. 333, 77 N. W. 583; J. I. Case Co. v. Erchinger, 15 S. D. 530, 91 N. W. 82; Hoegaard v. Trust Co. 3 S. D. 569, 54 N. W. 656; Martin v. Bank, 7 S. D. 263, 64 N. W. 127.

"The cross-examination must be confined to the facts and circumstances connected with the matters stated by the witness in his direct examination, and to questions tending to test his accuracy, veracity, or credibility, or to shake his credit by injuring his character." Reynolds, Trial Ev. p. 281; 1 Green, Ev. § 445; 1 Whart. Ev. § 529; Wigmore, Ev. § 1368.

"Evidence of the condition of a thing or place at a time prior or subsequent to the time at which the condition of the thing or place

is a material fact, as bearing on the probable condition at that time, is incompetent unless preceded by prima facie proof that no change has taken place in the meantime." Abbott, Proof of Facts, 3d ed. p. 348, ¶ 6.   See also: Lehigh Zinc & I. Co. v. Trotter, 42 N. J. Eq. 661, 9 Atl. 694; Reed v. New York C. R. Co. 45 N. Y. 574; Fitzgerald v. Clark, 17 Mont. 100, 42 Pac. 273; Grant v. Raleigh G. R. Co. 108 N. C. 462, 13 S. E. 209; Bretsch v. Plate, 82 App. Div. 399, 81 N. Y. Supp. 890.

*J. C. Adamson,* for respondent.

Century Dig. §§ 3912–3915, 3917–3921; Hoyer v. Good (Iowa) 161 N. W. 691.

The terms of the oral contract being in dispute, the verdict of the jury in favor of defendant establishes the contract as contended for by him, and it must be so considered on appeal.   Barr v. Clinton Bridge Works (Iowa) 161 N. W. 695.

ROBINSON, J.   For garage and repairs on an old, defunct, and almost worthless automoblie, the plaintiff was paid $42.50, and brought suit in justice court to recover a balance of $81.50.   In justice court the plaintiff recovered judgment and the defendant appealed.   In the district court the jury gave the defendant a verdict for $1, and now, in his turn, the plaintiff appeals.   Plaintiff asks this court to review twenty-eight assignments of error and the sufficiency of the evidence to sustain the verdict.   The transcript and exhibits cover 150 pages, and show beyond doubt that there was a very decided conflict of testimony. The case was fairly submitted to the jury and there is no reason for reversing the verdict and judgment.   By prosecuting such petty suits and appeals, the counsel make little of themselves and the courts.

Judgment affirmed.

GRACE, J.   I concur in the result.

CHRISTIANSON, Ch. J. (concurring specially).   The plaintiff has appealed from an order denying his motion for a new trial.   He assigns as error:   The denial of a motion to amend the complaint, rulings on the admission and exclusion of evidence, and the giving of certain instructions.   The proposed amendment related to form rather than to

substance. The amended complaint merely stated the matters set forth in the original complaint somewhat more fully, and it is difficult to understand why any objection should have been made to the filing of the amended complaint. But in any event the plaintiff was not prejudiced by the denial of the motion to amend, as no evidence would have been admissible under the amended complaint which was not admissible, and in fact actually admitted, under the original complaint.

Nor do I find any prejudicial error in the instructions. The rulings on evidence which are assailed relate almost entirely to matters more or less within the trial court's sound, judicial discretion, and in no instance can it be said that such discretion was abused. I find nothing in the record which would justify an appellate court in saying that the plaintiff was denied a fair trial. I therefore concur in an affirmance of the judgment and the order appealed from. I do not, however, concur in the implied rebuke in the opinion prepared by Mr. Justice Robinson. It might be a wise policy to prevent appeals to this court in cases where small amounts, and no important legal principles, are involved; but that is a matter for legislative, and not for judicial, determination. And under the existing laws it is the duty of this court to determine all matters which are properly submitted to it, and administer justice between litigants regardless of the amount involved.

BIRDZELL, J. I concur in the foregoing opinion.